## Commonwealth ex rel. Baylinson *v.* Baylinson, Appellant.

Argued September 22, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Eugene John Lewis,* for appellant.

*Alfred M. Klein,* for appellee.

OPINION BY HIRT, J., November 11, 1959:

The parties to this proceeding were married on August 24, 1957; he then was 64 years, and she 59 years, old. It was a second marriage for each of them. Until the final separation on January 30, 1958 when the defendant left his wife, they lived in a "Duplex" apartment house owned by the wife. She has received $75 per month rent from the other apartment; her monthly payment on a mortgage against the premises amounts to $82. At the time of her marriage she quit her employment as bookkeeper with a responsible business concern, which had paid her $85 per week. She testified that, because of her age, she is not now acceptable for steady employment. She however has worked intermittently since the separation in similar employ-

ment but what she has earned has no bearing on her right to support. Moreover, there is no contention that the wife is chargeable with misconduct that would entitle the defendant to a divorce, and he therefore is obliged to support her, within legal limits, to the extent of his financial ability.

Following the hearing on August 28, 1959, the court entered an order directing the defendant to pay his wife $45 per week for her support. The defendant is the owner of a building at Twentieth Street and Fairmount Avenue in Philadelphia where he has operated a neighborhood drug store for more than 20 years. Supplementing his own services in the conduct of the business he employs one full-time, and two part-time pharmacists, in addition to two part-time soda clerks. He testified that his gross sales for the year 1957 were $70,775, and that amount appears in his federal income tax return for that year. His net income shown by that return, which was received in evidence, was but $4,736 and that amount included $1,185 received in rentals from three apartments in his building. He testified that the tax return reflected his entire income from every source for that year. Shortly after the date of the above order the court granted a rehearing on the defendant's application. At the rehearing on January 19, 1959, an accountant who keeps the defendant's books and who prepared his tax returns, testified that out of his income of $4,736 for the year 1957 this defendant paid federal income taxes which further reduced his net income to $3,831. An examination of the 1957 return was ordered by the office of the District Director of the Federal Internal Revenue Service but after an audit the defendant's return was "accepted as filed."

The lower court on February 17, 1959, following the rehearing, denied the defendant's application for reduction in the amount of the order. In the opinion

accompanying the order, Judge KALLICK in part, stated: "Much testimony was offered by the defendant and his accountant in a vain effort to prove that the order of $45.00 a week was beyond the defendant's ability to pay and, in fact, was more than a third of the defendant's net income. The court, however, observing and appraising the witnesses as they testified, and upon a studious review of the credible evidence, is of the opinion that there was little or no change in the financial status of the defendant and that the defendant's testimony and his accountant's figures do not fully reflect the defendant's true financial condition." Thus, the court, in making the original order and in refusing to reduce it after rehearing, did not accept the defendant's testimony as proof that his annual income was limited to about the amount shown on his federal tax return for 1957. Certainly the issue of credibility was for the hearing judge. But in this case while on the surface there was ground for a suspicion of other income or resources, yet there was no proof of them and the court's order, to the extent that it rests upon speculation, amounts to an abuse of discretion.

Prior to the marriage the wife took the defendant to her lawyer where an antenuptial agreement was entered into in which the defendant waived his every interest in her property and estate. She was not asked to reciprocate as to his estate and she still has an inchoate dower interest in defendant's real property. There is no evidence that the defendant had any income except from his business and the apartments in his building. The rents are not questioned as to amount and a total of $1,185 income for a whole year from the three apartments attests to their modest character. The court was not bound to accept the 1957 federal tax return as reflecting the defendant's total earnings for the year (*Com. ex rel. Rankin v. Rankin*, 170 Pa. Superior Ct. 570, 87 A. 2d 799) but when the audit made

by the revenue service failed to disclose discrepencies, it was for the wife to prove that he actually earned more. The building and the retail drug business comprises the whole of defendant's assets; he owns no securities. There was other testimony in the case that called for rebuttal, if the wife was unwilling to accept it as true. The defendant testified that from the effects of a detached retina his vision is impaired, and because of this and other chronic ailments he is not capable of sustained effort in the conduct of his business; due to the influx of an undesirable foreign element, he testified that the neighborhood has been and still is rapidly deteriorating; that many of the prescriptions (about 200 per month) are filled for persons on relief, upon which the margin of profit is small; he testified that his business was off 20 to 25% from 1957 and he estimated that his income for 1958 would be $800 to $1,000 less than for the prior year; he testified also that he had been obliged to dip into capital to meet operating expenses, and that at the time of the rehearing his accounts payable were $1,000 more in the aggregate than in 1957. Relatrix produced no evidence to discredit any of this testimony.

The relatrix in her letter to the defendant on March 2, 1958 stated: "I think perhaps I will be able to manage with $35 a week", but at the hearing she testified that in the letter she had miscalculated the amount that she would require. From a consideration of the whole record we are convinced that even that amount is excessive, and that $30 per week is the limit of the defendant's ability to pay, in the light of his earnings, his earning power and his property and assets. Cf. *Com. ex rel. Volinski v. Volinski,* 180 Pa. Superior Ct. 348, 119 A. 2d 648; *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A. 2d 793.

The amount of the order is reduced to $30 per week and as so modified the order is affirmed.