Commonwealth ex rel. Steacker *v.* Steacker, Appellant.

Argued September 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward A. Savastio,* with him *Savastio, Levin & Sereni,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY HOFFMAN, J., November 13, 1970:

Relatrix petitioned the court below for an order of support for herself and her two children. No formal testimony was presented at the time of hearing, but counsel for appellant indicated that the husband, a bartender, had a gross income of $90 per week, with a net of $73, plus tips of $5 per week. The court entered an order of $70 per week. A petition for rehearing and testimony on the merits was denied, and this appeal followed.

The court below based its decision on the "feeling that [appellant] made a great deal more in tips, plus the fact that since he had the equivalent of a high school education, his potential was far greater than the amount he claimed to have been earning." Since no formal testimony was presented by the parties, these conclusions could only have been based on speculation and unsubstantiated hypotheses. There was no evidence to show that appellant had another source of income or that the informal stipulation as to tips was inaccurate. Nothing indicates that appellant had or could obtain a higher-paying job merely on the basis of his high-school education. Clearly, "[i]n the absence of evidence of ability to pay, orders of support could be highly over-estimated . . . and bring about serious economic hardship to one of the parties." *Commonwealth ex rel. Tizer v. Tizer,* 214 Pa. Superior Ct. 444, 449, 257 A. 2d 683, 685-686 (1969). Without some testimony or evidence as to appellant's potential earning power or extra income, the court had no foundation on which to base its conclusion that $70 per week would not be confiscatory and cause serious hardship.

"The purpose of the support laws is not to punish a husband for his dereliction in failing to support his family; it is rather to secure such allowance for the family's support as is reasonable, having in view his ability to pay as evidenced by his property, income and earning capacity." *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa. Superior Ct. 541, 185 A. 2d 822, 824 (1962). The court "is not restricted to the husband's actual earnings, but may also consider his earning power and standard of living . . . ." *Commonwealth ex rel. Kallen v. Kallen,* 200 Pa. Superior Ct. 507, 510, 190 A. 2d 175, 176 (1963).

Under the circumstances of this case, we are of the opinion that an order of $45 per week for the support and maintenance of the wife and two minor children is justified by the evidence, yet is commensurate with the means and station in life of appellant. Cf. *Commonwealth ex rel. Wible v. Wible,* 200 Pa. Superior Ct. 182, 189 A. 2d 598 (1963) (take home pay of $82 per week plus gifts from father justified support order of $45 per week for wife and two children).

Accordingly, the order for support of wife and two children is reduced from $70 per week to $45 per week and as modified is affirmed.