Steinkirchner *v.* Steinkirchner, Appellant.

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*W. Donatelli*, with him *Marcella R. McNanamy*, for appellant.

*George C. Diamantopulos*, for appellee.

OPINION BY VAN DER VOORT, J., February 27, 1975:

On January 23, 1969, the Appellee was granted a Decree in Divorce, *a mensa et thoro* from Appellant. An Order for support for Appellee and her children was entered on October 27, 1969. An absolute divorce was granted to Appellee on November 21, 1973.

On March 20, 1974, the Appellee, by her counsel, filed a Petition for a Rule to Show Cause why [support] arrearages should not be reduced to judgment. A Rule was granted on the same and was *apparently* made returnable April 15, 1974.[1] A copy of the Petition, Appellee's pro-

---

1. Our use of the word "apparently" will be more fully discussed *infra*.

posed Order, and a purported notice of a return and hearing date was mailed to Appellant by certified mail on March 21, 1974. There appears to be no dispute that Appellant received such documents on March 27, 1974.

On April 15, 1974, at 9:30 A.M., an attorney appeared at the hearing on behalf of Appellant. Although no record was made, the parties agree that Appellant's counsel requested a continuance of the case for the reasons that she had only been retained by Appellant by mail on April 11, 1974, that April 12, 1974 was Good Friday and that the 13th and 14th had fallen on a weekend when Court files on the case were unavailable to her. She requested the continuance to examine the record and prepare an Answer and a defense.

The lower court denied this request. Further, the court forthwith entered a Judgment in the amount of arrearages fixed by Appellee. No hearing was held. Appellant now argues that the entry of this judgment was erroneous in light of the requirements of Rule 1135 of the Pennsylvania Rules of Civil Procedure.[2] We agree, and find that a hearing on the merits is required prior to entry of judgment in such circumstances. We will remand for such a hearing.

It was earlier noted that Appellant was "apparently" notified of the hearing date by Appellee. The official record in this case contains the original order of the lower court (dated March 20, 1974) setting the hearing date on the Rule. Although the order contains information regarding the month of the hearing, and the time of day it was to be held, it only contains a blank space where the day of the month was to be entered. On the basis of

2. Rule 1135, in pertinent part, provides that:
"No judgment may be entered by default or on the pleadings, as to the cause of action in divorce or annulment, or as to any matter involving custody, paternity or support, or approving any agreement dealing with custody, paternity or support but evidence shall be presented in such actions."

this record, we cannot conclude with certainty that the notice to Appellant was sufficient. We therefore hold that Appellant must be given a reasonable opportunity to file an Answer and prepare a defense in this matter.

Reversed and remanded with a procedendo.