337 A.2d 866

**Patricia LeNoir COSTELLO**

v.

**Joseph LeNOIR, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1974.

Decided May 13, 1975.

38

Joel N. Brewer, Community Legal Services, Law Center Germantown, Philadelphia, for appellant.

No appearance for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Joseph LeNoir, the appellant, and Patricia LeNoir Costello, the appellee, were divorced in 1966. They have one daughter, Jane, aged 14, who is residing with her mother. The proceedings from which this appeal arises commenced when Patricia filed on May 18, 1972 in the court below a petition for Jane's support.[1] No answer to this petition was filed.

---

1. Appellant's brief in this Court asserts that the appellee's petition was filed pursuant to the Act of May 23, 1907, P.L. 227, § 1, as amended, 48 P.S. § 131. The appellee has filed no brief and

At the hearing upon the petition, Patricia testified that while she and Joseph were married he had been employed as an electrical engineer, earning between $8,000 and $20,000 a year, and that since their divorce Joseph had worked at various times as a carpet layer, earning $30 per day, and had worked also as a bartender. Mrs. Costello testified further that at the time of the hearing Joseph was making no contribution to Jane's support. She said that she herself was employed as a waitress, and was earning approximately $110 per week.

Joseph, who was not represented by counsel at the hearing, testified that approximately a year previously he had been involved in an automobile accident in which he suffered two broken arms, two crushed elbows, a broken shoulder, and a broken wrist. He said also that he had lost his job as a design draftsman with an engineering firm as a result of his physical condition following the accident; that he had worked temporarily as a carpet layer and bartender; and that despite earnest efforts he had been unable to find permanent employment, and was presently unemployed. Finally, he testified that for the

her petition below does not reveal the legal basis for her claim. The fact that the docket entries and opinion of the court below are captioned "Commonwealth ex rel. *Costello v. LeNoir*" and "*Commonwealth v. LeNoir*", respectively, is an indication that the action may have been treated as having been brought under the Act of June 24, 1939, P.L. 872, § 733, as amended, 18 P.S. § 4733. That Act imposes criminal penalties for desertion and nonsupport. (The Act of 1939 was repealed by the Act of December 6, 1972, P.L. 1482, No. 334, § 5. The same subject matter is now covered by the Act of December 6, 1972, P.L.1482, No. 334, § 1, 18 Pa.C.S. § 4322.)

Whether either the Act of 1907 or the Act of 1939 is applicable to the instant case is dubious, since they pertain to married men who desert their families. The appellant is, however, under a common law duty to support his minor children, see *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974), and this duty is enforceable under the Civil Procedure Support Act, Act of July 13, 1953, P.L. 431, § 1 et seq., 62 P.S. § 2043.31 et seq. For a summary of the statutes pertinent to child support in Pennsylvania, see generally W. E. Sell & T. O. White, 2 Pennsylvania Keystone, Child Support (1974).

past six months he had been receiving public assistance,[2] and that his hospital bill of $5,000 had been paid by the welfare authorities.

At the close of the hearing the court ordered Joseph to pay appellee twenty dollars per week towards the support of Jane. On appeal, the Superior Court affirmed, per curiam. We granted allocatur,[3] and this appeal followed.[4]

It is beyond question that every parent has a duty to support his or her minor children. This duty of support rests upon both mothers and fathers; each parent is obligated to contribute to the support of his or her children in accordance with the parents' respective abilities to pay. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Each parent's ability to pay is dependent upon his or her property, income and earning capacity, *Conway v. Dana, supra* at 540, 318 A.2d at 326, and is to be determined as of the time at which support payments are sought, *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 153 A. 2d 901 (1968); *Jones v. Jones*, 348 Pa. 411, 35 A.2d 270 (1954); *Commonwealth ex rel. Simmler v. Simmler*, 134 Pa.Super. 339, 4 A.2d 215 (1938). A support order must be fair and not confiscatory and must make due allowance for the reasonable living expenses of the parent, *Commonwealth ex rel. Goodman v. Delara*, 219 Pa.Super. 449, 453, 281 A.2d 751, 753 (1971).

We recognize that the amount of a support order is largely within the discretion of the trial court, and

2. Although the amount of appellant's public assistance is not a part of the record before us his petition for allocatur to this Court states the figure to be $138 per month. His brief in this Court asserts that on April 13, 1974, these payments were raised to $149 per month. These figures stand uncontested, appellee having filed neither an answer to the petition for allocatur nor a brief in this Court.

3. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).

4. The appellee has not filed a brief or participated in oral argument in this appeal.

its judgment should not be disturbed on appeal absent a clear abuse of that discretion. See *Commonwealth ex rel. Marvin v. Marvin*, 193 Pa.Super. 179, 164 A.2d 128 (1960); *Commonwealth ex rel. Scarpato v. Scarpato*, 190 Pa.Super. 45, 151 A.2d 783 (1959); *Commonwealth ex rel. Schofield v. Schofield*, 173 Pa.Super. 631, 98 A.2d 437 (1953). In this case, we are satisfied that such a clear abuse of discretion did occur. The record is barren of evidence that Joseph is financially able to contribute at this time to the support of his daughter.[5] At the hearing, Patricia testified as to Joseph's earnings at various times in the past but offered no information as to his income at the time of the hearing. Joseph's testimony that he has been searching without success for a job and that he was receiving public assistance was uncontradicted. The record contains no evidence of Joseph's assets or of his living expenses, nor any indication that his failure to find a job was in any way his own fault.

■■ The trial court apparently based its decision upon Joseph's past earnings and a belief that his financial situation could be improved.[6] Evidence of past earn-

5. The appellant's weekly income, (derived only from public assistance) was about $33, Appellee's weekly income was approximately $110. Payment of the support order of $20 per week, almost two-thirds of appellant's income, would leave him $13 per week with which to defray personal living expenses.

6. The opinion of the court below, filed after appeal was taken to the Superior Court, reads as follows, in its entirety:
"This is an appeal from an order of support entered against the defendant for the support of his fourteen year old daughter in the amount of $20.00 per week.
"The petitioner testified that her expenses for the support of the child were about $89.00 a week. The defendant testified that he was unable to support his daughter because he was out of work because of an injury he sustained in an automobile accident which occurred approximately one year ago. He also testified that he was seeking employment but there were no positions available for design draftsmen.
"Petitioner testified that during their marriage, the defendant was making between eight and twenty thousand dollars per year.
"It was the position of the Court that despite the testimony of defendant, he has a sufficient earning capacity to pay an order of $20.00 a week for the support of his child."

ings has no bearing on the determination of present income;[7] while it does have relevance to earning capacity, it must be considered in the light of the father's uncontradicted testimony that his efforts to obtain employment had been fruitless. The court's apparent belief that petitioner was able to contribute to his daughter's support in larger measure than the evidence indicated was speculation and is insufficient to sustain a support order.[8]

The order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.[9]

JONES, C. J., filed a concurring opinion.

EAGEN, J., did not participate in the consideration or decision of this case.

JONES, Chief Justice (concurring).

While I agree with the reasoning and result expressed by the Majority, I am distressed that my brethren felt it necessary to grant allocatur in a case challenging the legitimacy of a support order. This Court is presently

There was no direct evidence that appellee's expenses for the support of her daughter amounted to $89 per week. Appellee's counsel stated that she would so testify, but there is no testimony to this effect. The transcript has attached to it a breakdown of expenses which total .$89 per week, but it is apparent that many of the major items of these expenses, such, for example, as rent, relate to both mother and daughter.

7. See *Lindenfelser v. Lindenfelser; Jones v. Jones,* and *Commonwealth ex rel. Simmler v. Simmler, supra.*

8. See *Commonwealth ex rel. Goodman v. Delara, supra; Commonwealth ex rel. Baylinson v. Baylinson,* 191 Pa.Super. 51, 155 A.2d 203 (1959). See also *Commonwealth ex rel. Steacker v. Steacker,* 217 Pa.Super. 382, 272 A.2d 216 (1970).

9. Orders in support cases are ambulatory in nature and therefore are suspectible to modification in later proceedings. *See* the Act of June 19, 1939, P.L. 440, No. 250, § 1, 17 P.S. § 263; *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974).
Thus, even when a petition for support is dismissed, a new petition may be filed based upon circumstances different from those existing at the time of the hearing upon the original petition.

confronted with an almost overwhelming backlog, and the consideration of an appeal involving an issue of law long-settled by a definitive body of precedent cannot alleviate our burden. We misconstrue our appellate function if we perceive our obligation as encompassing the review of every erroneous decision of the lower courts. It is my view that the consideration of this matter was undertaken to correct the harm visited upon the appellant. Such individual attention is perhaps laudable but ignores the reality of current appellate dockets.