405 A.2d 933

**COMMONWEALTH ex rel. Mary VALENTINE**

v.

**Dominic VALENTINE, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Decided June 1, 1979.

Charles C. Shainberg, Philadelphia, for appellant.

Mary Valentine, in pro. per.   No brief filed.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the award of support for two children against their father.   He has appealed, arguing that the award is unfair, inequitable, confiscatory and punitive. We agree, and reverse the order.

Appellant is receiving $164.00 per month from the Pennsylvania Department of Public Welfare.   Although he had been gainfully employed in the past by the City of Philadelphia Department of Collections and the State Liquor Control Board, he had been unable to secure employment for the past three years prior to the hearing.

Appellee is also receiving assistance from the New Jersey Department of Public Assistance in the amount of $410.00 per month for herself and her two children, age nine and eight.   The parties are divorced.

Since both parties are receiving public assistance, we must recognize the purpose of same.   By reference to the Pennsylvania Public Assistance Law of July 31, 1968 as amended, 62 PS Sect. 402 and the Public Assistance Manual, 55 Pa. Code Sect. 101 et seq., we must conclude that the awards to both parties were in amounts that would merely satisfy basic living requirements.

There is no evidence in this case to indicate that appellant had any property or was not making a sincere effort to find employment;   and, therefore, the award was not made on the basis of his unused earning capacity.   It was made in the amount of $15.00 per week for the two children, $7.50 each or ⅜ of his income, which the lower court stated to be "fair, equitable and not confiscatory."   The award thus reduced the amount of appellant's assistance to $104.00 per month. The obvious result of the award was to reduce the amount

508

appellant required for his basic needs and to increase the amount the New Jersey Department had determined necessary for the basic needs of appellee and her children. This was a result not contemplated by the Public Assistance Departments of either state since the order of the lower court amounts to a redistribution of their awards.

The statements found in *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975) are applicable to the present case and that decision therein governs it.

Order reversed and petition dismissed.