408 A.2d 862

COMMONWEALTH of Pennsylvania ex rel. Elizabeth BELIN

v.

Stephen F. BELIN, Appellant.

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Aug. 10, 1979.

Mary B. Stein, Philadelphia, for appellant.

Joseph L. Fox, Philadelphia, for appellee.

Before PRICE, DOWLING and GATES, JJ.*

GATES, Judge:

This is an appeal from an order reducing arrears in support to judgment and dismissing appellant's petition to vacate and remit arrearages. We vacate the order and remand for an evidentiary hearing.

On January 5, 1964 appellee-wife petitioned for support. The docket discloses that on April 21, 1964 the petition was dismissed. Curiously, an order of eleven dollars ($11) per week was imposed by the court. The next docket entry reflects an attachment filed July 8, 1964 followed by an order on August 12, 1964 directing appellant to pay regularly and reduce arrears.

Nearly thirteen years later, on May 19, 1977, appellee filed a petition to reduce arrears to a judgment. A hearing was scheduled for October 4, 1977. On that date the judge entered an order, without hearing testimony, reducing the arrears to a judgment in the amount of six thousand seven hundred four dollars ($6,704.00).

On October 8, 1977 appellant-husband filed a petition for reconsideration of the prior order. The petition was granted, the judgment vacated and an evidentiary hearing ordered, but never held.

The matter was listed again before the same judge. On March 8, 1978 counsel for appellant appeared and requested

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

a continuance due to the avowed, life endangering illness of appellant. The motion was granted and the matter rescheduled for April 24, 1978 at which time appellant appeared and was ready to produce evidence. The posture of the record before the court at the time was the wife's petition to reduce arrears to judgment and the husband's petition to vacate and remit arrears. Without an evidentiary hearing, the court entered an order dismissing the appellant's petition to remit and the arrears were reduced to judgment in the amount of seven thousand twenty-three dollars ($7,023.00). This appeal followed.

■ A hearing without being heard is no hearing. The record of the proceedings before the judge on April 24, 1978 discloses that appellant's counsel requested permission to present testimony in support of his petition to vacate and remit arrearages. The court refused to hear any testimony.[1] This was error.

■ A hearing on the merits must be held prior to the entry of judgment on a petition to reduce arrearages to a judgment. *Steinkirchner v. Steinkirchner*, 232 Pa.Super. 460, 334 A.2d 708 (1975); see also Pa.R.C.P. Rule 1135, adopted November 26, 1947, effective June 1, 1948; amended July 21, 1961, effective October 1, 1961.

Unquestionably the lower court had the right to remit arrearages. This power is bestowed by the Act of June 19, 1939, P.L. 440, Section 1 (17 P.S. § 263) which provides:

"Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."

■ It is well settled that orders of support are not final and may be increased or decreased when the financial condition of the parties changes. *Commonwealth ex rel. Roviello*

---

1. The trial judge stated—"It's res Adjudicata (sic)." N.T. 4. *Commonwealth ex rel. Shoemaker v. Shoemaker*, 211 Pa.Super. 188, 235 A.2d 455 (1967) has been misread and misapplied by appellee and the court below.

*v. Roviello,* 229 Pa.Super. 428, 323 A.2d 766 (1974). Nor does the mere existence of arrearages bar a petitioner from the right to a review of an existing support order. *Commonwealth ex rel. Fusco v. Fusco,* 247 Pa.Super. 413, 372 A.2d 893 (1977); *Commonwealth ex rel. Rickert v. Rickert,* 223 Pa.Super. 1, 296 A.2d 841 (1972). The controlling question for the court below is not the existence or non-existence of arrearages but whether the petitioner can produce evidence to warrant a revision in the original order of support. *Commonwealth ex rel. Paul v. Paul,* 222 Pa.Super. 518, 295 A.2d 166 (1972). The court must evaluate all the circumstances as well as the rights and obligations of the parties before acting on petitions of this nature. *Commonwealth ex rel. Fryling v. Fryling,* 220 Pa.Super. 68, 283 A.2d 726 (1971). This can only be accomplished by carefully appraising relevant testimony, such as was offered in this case, concerning length of the husband's disability, his terminal illness, his present financial situation, the wife's delay of thirteen years in enforcing the order, the timing of proceeding in relation to the husband's divorce suit and other relevant matters bearing upon the issues. Essentially, a full evidentiary hearing is required in this case.

Order vacated and case remanded for further proceedings consistent with this opinion.