422 A.2d 657

**Trina Annette FORD**

v.

**William FITZGERALD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1980.

Filed Nov. 14, 1980.

Mark A. Cullen, Philadelphia, for appellant.

Trina Annette Ford, appellee, in pro. per.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

Presently before the court is appellant–father's appeal from the lower court's order dated May 10, 1979, wherein the lower court imposed upon the appellant–father the obligation to support his child, Jamie Lynn born March 18, 1978, to the extent of $10 per week pursuant to the Civil Procedural Support Law, 62 P.S. § 2043.31 *et seq.*, as amended (now 42 Pa.C.S.A. § 6701, *et seq.*). Appellant has appealed arguing that the award of $10 per week is unfair, inequitable and confiscatory.

We agree and reverse the order.

We are of the considered opinion that the instant case is controlled by *Commonwealth ex rel. Valentine v. Valentine*, 266 Pa.Super. 506, 405 A.2d 933 (1979).

■ It is beyond question that every parent has a legal duty to contribute to the support of his minor children consistent with the parents' respective abilities to pay. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Conversely, a support order must be fair and non–confiscatory and must allow for the reasonable living expenses of the parent. *Com. ex rel. Goodman v. Delara*, 219 Pa.Super. 449, 281 A.2d 751 (1971).

Additionally, we recognize that the amount of a support order rests largely within the sound discretion of the trial

court and its judgment shall not be disturbed absent a clear abuse of that discretion or an error of law.

In the case at bar, the record reflects appellant's only income is $164.00 per month from the Pennsylvania Department of Public Welfare, while appellee–mother and the parties' child receive a separate grant from the same Department of Public Welfare in the amount of $247.00 per month.

At hearing, appellant testified that subsequent to his last hearing, he had worked a total of eight (8) days at Tab Miller but had been laid off and is waiting to go back to work. The record is devoid of any other evidence which could lead the trial court to conclude that appellant was not making a sincere effort to find employment.

Additionally, the appellant testified that at the time of the hearing, he was living with both appellant and the minor child and paying the gas and electric bills and the mortgage payment on the house.

As we stated in *Valentine* :

Since both parties are receiving public assistance, we must recognize the purpose of same. By reference to the Pennsylvania Public Assistance Law of July 31, 1968 as amended, 62 PS Sect. 402 and the Public Assistance Manual, 55 Pa.Code Sect. 101 et seq., we must conclude that the awards to both parties were in amounts that would merely satisfy basic living requirements. (405 A.2d at 934).

In the instant case, the lower court's support award must be considered as reducing the amount of appellant's public assistance from $164.00 per month to $124.00 per month. Although the amount and percentage under normal circumstances in support matters is neither unfair nor confiscatory, here, "the obvious result of the [support] award was to reduce the amount appellant required for his basic needs and to increase the amount the [Pennsylvania Department of Public Welfare] had determined necessary for the basic needs of appellee and [child]. This was a result not contemplated by the [Pennsylvania Department of Public Welfare]

since the order of the lower court amounts to a redistribution of their awards." *Valentine*, 405 A.2d at 934.

Accordingly, in the instant case, we find that the lower court committed an abuse of discretion when it issued its order of support dated May 10, 1979.

Order reversed and petition dismissed.