## Smith v. Halter

*Michael R. Rundle,* for plaintiff.
*Ellen E. Barry,* for defendant.

BAYLEY, *J.,* January 17, 1989 — On November 28, 1979, a support order at the above term and number was amended to require defendant to pay $50 per month support for his two children, Jason, born July 26, 1977, and Skye, born October 18, 1979. Defendant was adjudicated in contempt of this order on December 22, 1986. When a seven-month deferral of disposition did not result in defendant complying with the order, he was sentenced on July 21, 1987 to undergo imprisonment in the Cumberland County Prison for a term of six months. Condition of purge were set forth in the sentencing order.

Defendant was placed on work release at the Cumberland County Prison and he escaped by not returning from his place of employment on August 21, 1987. He was arrested and charged with escape on August 27, 1987. He was later sentenced on this charge to a term in a State Correctional Institution of not less than nine months nor more than 24 months. He was released from that confinement on October 18, 1988.

On September 6, 1988, while he was still incarcerated, he wrote to his domestic relations officer indicating that he expected to be released in mid-October. In that letter which was received on September 8, 1988, defendant stated: "I'm writing you to have my support payments lowered." On September 12 the domestic relations officer wrote to defendant, stating: "After your release, please report to the Domestic Relations office and complete a petition for amendment of order and state your reasons why the support of two children at $50 a month should be lowered." On October 26, defendant followed up by filing a formal "petition for amendment of support order," seeking a modification upon a claim that he was incarcerated from July 1987 until October 1988. A hearing was held on this petition on January 10, 1989, at which time defendant was represented by court-appointed counsel who maintained that we should remit all arrearages that accumulated during the period of time that defendant was incarcerated.

## DISCUSSION

Initially, plaintiff maintains that no modification of the order may be made for any arrearages accruing prior to September 8, 1988. She cites 23 Pa. C.S. §4352(d) which applies to continuing jurisdiction over support orders.[1] It provides:

"(d) *Retroactive modification of arrears* — No court shall modify or remit any support obligation, on or after the date it is due, except with respect to

---

1. This amendment took effect on March 25, 1988. The amending act provides that "[t]he amendments affecting section 4352 shall apply to all support orders under which an arrearage exists on or is accrued after the effective date of this act."

any period during which there is pending a petition` for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the·obligor.

"However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made."

Even though defendant was incarcerated in a State Correctional Institution he had no trouble writing the letter to the domestic relations office on September 8, 1988 in which he requested a modification of his support order. He knew that he was originally sentenced to prison in this county on a contempt adjudication for his not complying with the support order. There is simply no compelling reason why he could not have written to the domestic relations office at any time after he was arrested for escape and requested a modification of the support order. He has presented no evidence of compelling reasons in this case, and we are not prepared to conclude that merely because he was incarcerated, that he could not have written an earlier letter requesting modification when in fact he did exactly that on September 6, 1988.

Next, we must determine whether or not to remit arrearages accruing on the support order from September 8, 1988 through October 18, 1988. In

*Leasure v. Leasure,* 378 Pa. Super. 613, 549 A.2d 225 (1988), the Superior Court reversed a trial court decision refusing to modify or suspend child support payments during a period of appellant's incarceration on a sentence of one to two years for crimes unconnected with his support obligation. The court refused to accept the trial court's analogy that appellant's period of incarceration constituted a voluntary decrease in income. The court stated: "While it may be possible to envision a parent avoiding child support by going to prison, we find it highly unlikely in the instant case, where appellant was paying $16.70 per week and where there was no allegations that appellant ever defaulted on his payments previously." On these facts the Superior Court concluded that the trial court should have modified the order since appellant was unable to pay support during his period of incarceration.

In the present case, after defendant had failed to voluntarily comply with his support order for seven months after his adjudication in contempt, he was sentenced with a condition of purge that he obtain and keep fulltime employment and pay the support order as directed. The sentencing order directed the domestic relations officer to make efforts to find defendant work release in preparation of his being released under a formal wage attachment. On these facts *Leasure* is distinguishable because not only did defendant default on his support payments prior to his incarceration in Cumberland County, his state incarceration was a direct result of his having escaped while he was earning money on work release so he could purge himself of contempt. Defendant's escape is comparable to a support obligor's voluntarily removing himself from gainful employment and then requesting a modification of a support order on a claim of inability to pay, a fact situa-

tion that does not warrant a modification. See *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 1246 (1975).

In considering whether a support order should be remitted "[t]he court must take into consideration all relevant factors, and deal with the order as the case may warrant." *Commonwealth ex rel. Crane v. Rosenberger,* 212 Pa. Super. 144, 239 A.2d 810 (1968), citing *Commonwealth ex rel. Chrstos v. Chrstos,* 156 Pa. Super. 238, 40 A.2d 165 (1944). See also, *Commonwealth ex rel. Fryling v. Fryling,* 220 Pa. Super. 68, 283 A.2d 726 (1971). and *Prescott v. Prescott,* 284 Pa. Super. 430, 426 A.2d 123 (1981). We must examine the evidence to determine whether the remission of an arrearage is warranted and must evaluate all of the circumstances as well as the rights and obligations of the parties before acting on the petition. See *Commonwealth ex rel. Belin v. Belin,* 268 Pa. Super. 428, 408 A.2d 862 (1979).

If we were to accept defendant's position, the message we would send to a person incarcerated for contempt of an obligation to make payments under a support order, is that if you escape from work release while you are attempting to purge yourself of contempt, your duty of support ends during any period of time you are later incarcerated for escaping. If that absurd result is going to be the law of this commonwealth, something we believe the Superior Court did not envision in *Leasure,* then a court other than this one is going to have to order it. Defendant has a duty to support his children. See *Sutliff v. Sutliff,* 339 Pa. Super. 523, 489 A.2d 764 (1985). His voluntary act in escaping from prison when on work release while earning money to purge himself of contempt for failure to pay his support order, vio-

lated that duty to the extent that no modification of the order is warranted.[2]

For the foregoing reasons the following order is entered.

## ORDER OF COURT

And now, January 17, 1989, defendant's petition to modify his support order by remitting arrearages, is denied.

---

2. This result is applicable to all of the arrearages that accumulated on the support order while defendant was in prison, notwithstanding his petition for modification not having been received until September 8, 1988.