## Melley v. Schuster

*E. David Christine, Jr.,* for plaintiff.
*Elviria C. LaBarre,* for defendant.

MILLER, *J.,* December 14, 1993—Cheryl N. Melley, now by election to resume her maiden name, Cheryl N. Schuster, the defendant, and Michael W. Melley, the plaintiff, were divorced in 1992. They have two sons, Michael, age 12, and Patrick, age 8. Father received primary physical custody of the boys following the divorce.

The proceedings from which this instant matter arises commenced when defendant filed a petition for modification of her support obligation. She requests that the current order be suspended and that all arrears owing be dismissed. A hearing was held before the master, Richard James, Esquire, on September 27, 1993. On October 1, 1993, the master made a recommendation that appellant's petition be dismissed and the current order remain in effect. That order requires the defendant to pay the sum of $100 dollars per month for the support of her two children and $1.50 per month on arrearages.

Defendant filed exceptions to the court order entered October 4, 1993 based on the master's recommendation.

In her exceptions, the defendant lists four errors on the part of the master. At oral argument, defendant's coun-

sel consolidated the arguments as follows: (1) since the only available income of the defendant is public assistance, a support order is not permitted in that public assistance is not one of the items listed in 23 Pa.C.S. §4302 which defines income for the purposes of calculating support; and (2) the amount of support ordered is confiscatory in that it is one-third of defendant's total available resources. Both the defendant and the advocate for the Domestic Relations Office have briefed this matter and appeared at oral argument, and the issues are now ripe for disposition.

Income as defined in 23 Pa.C.S. §4302 for the purposes of calculating support is as follows:

"Includes compensation for services, including, but not limited to, wages, salaries, fees, compensation time, commissions and similar items; income derived from business; gains derived from dealing in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership growth income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workmens compensation and unemployment compensation."

Defendant cites the case of *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975), to bolster her argument that public assistance cannot be considered for purposes of calculating support. In that case, the Supreme Court of Pennsylvania, in an opinion by Justice Pomeroy, found that the duty of support rests upon both mothers and fathers. Each parent is obligated to contribute to

the support of his or her children in accordance with the parents' respective abilities to pay. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). Each parent's ability to pay is dependent upon his or her property, income and earning capacity and is to be determined at the time at which support payments are sought. The *Costello* case is continuously cited in more recent cases for the proposition that a support order must be fair and not confiscatory and make due allowance for the reasonable living expenses of the parent. In the *Costello* case, the defendant's only income was from public assistance. He received $149 per month. He was ordered to pay $20 per week for the support of his daughter. Justice Pomeroy found that this amount was confiscatory in that it was more than half of his available resources. The court did not, in this decision, indicate in any way that public assistance could not be considered as a resource available when calculating a support obligation.

Our Superior Court in the case of *Rittel v. Rittel,* 335 Pa. Super. 550, 485 A.2d 30 (1984), held that all of a parent's resources are available to satisfy the parent's child support obligations.

We do not think that defendant's argument that only those items listed in the statute can be considered as available resources when calculating child support. We believe that the language, "including but not limited to," allows us to go outside the examples cited when considering income for purposes of calculating support. In the case of *Hyde v. Hyde,* 421 Pa. Super. 415, 618 A.2d 406 (1992), alimony payments to wife were held to be an available resource in calculating her support obligation even though they are not one of the enumerated items in 23 Pa.C.S. §4302. Judge Wieand found that the statute should be construed broadly.

Similarly, in *Alexander v. Armstrong,* 415 Pa. Super. 263, 609 A.2d 183 (1992), father's military allowance for quarters (BAQ) and his variable housing allowance were "income" for purposes of calculating his child support obligation even though they were not listed in the support statute.

We also do not believe that our legislature, when drawing the statute, wished to eliminate public assistance as an available resource. If that were so, the lines at our public welfare offices would be longer than they are today and in light of the apparent ease applicants have in obtaining welfare benefits, our domestic relations offices would close for lack of ability to enforce orders.[1]

Defendant's second argument that the order is confiscatory and does not make allowance for reasonable living expenses may be valid. However, based on the state of the record, we are unable to determine if this is so. At the master's hearing, defendant's paramour, Jeffrey Possinger, testified that he lived with defendant on a full-time basis and received workmen's compensation. No testimony was taken as to his income or contribution to the living expenses of the household. Therefore, until this information is available, we do not feel that a decision can be rendered on whether or not the amount of the current order is fair.

## ORDER

And now, December 14, 1993, this matter is remanded to the master for further proceedings consistent with this opinion.

---

1. Defendant cites her many physical problems as reason for her lack of employment. Plaintiff did not contest this. If all of her complaints are valid, it is apparent that custody should remain with plaintiff.