NATIONAL SURETY COMPANY, RESPONDENT, v. THE BOARD OF EDUCATION OF CLIFTON, IN THE COUNTY OF PASSAIC, APPELLANT.

Argued May 7, 1930—Decided March 28, 1933.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Albert Comstock* and *William B. Gourley.*

For the respondent, *Frederic M. P. Pearse.*

PER CURIAM.

The plaintiff below was the surety on a contract of Fallace Brothers for the erection of a school house in Clifton. Before the contract was completed the contractor became involved

financially and failed. The surety, under and in accordance with its bond, took up the work and finished the job, also taking from the contractor an assignment of the contract. When completed there remained a small balance due under the contract and a dispute arose respecting a claim of the surety for excavating solid rock. Paragraph 12 of the contract provided that if solid rock should be encountered the same should be removed from the premises at unit prices for blasting to be submitted in the estimate. The unit price for such blasting was specified in the estimate to be $4 per cubic yard in addition to the general contract price.

The parties were unable to agree and arbitrators were selected to determine whether certain excavation had been of the character specified in this paragraph. These arbitrators were selected in pursuance of provisions of the contract which directed that should any dispute arise respecting the true value of extra work or work omitted, the same should be valued by two competent persons, one employed by the owner and the other by the contractor and that these two should have the power to name an umpire and that the decision should be binding upon all parties. The persons thus chosen selected an umpire. This umpire never acted but the persons mutually selected, coming to agreement, reported in favor of the plaintiff.

The award not being paid, suit was brought for the amount of the award together with the small balance still claimed to be due under the general contract. On the trial of the case the award was offered in evidence and on this phase of the case, a verdict directed for the plaintiff. From the judgment rendered the present appeal is taken.

Several grounds of appeal are presented in the record. Of these but two are argued in the appellant's brief and in accordance with the established rule those not argued are deemed to have been abandoned.

The grounds argued are that the arbitrators were not sworn and that no notice was given of their meeting and that in consequence the report was improperly received in evidence.

Reliance is placed by the appellant on the provisions of

section 6 of the Arbitration act (1 *Comp. Stat., p.* 106), which provides that "in cases of arbitration, every arbitrator shall, before he proceeds to the business submitted to him, take oath or affirmation of the like nature with that hereinbefore prescribed to be taken by referees and to be administered in like manner."

Assuming, though not deciding, that if this were a statutory arbitration the arbitrators would be required to take the oath prescribed and possibly also to give notice of hearings to the parties in interest, we think the present was not such an arbitration. It was the submission of the determination of a single fact to experts mutually chosen for the purpose. It was not the outgrowth of litigation, it was not made a rule of court to determine the issues between the parties, and was not for the determination generally of the issues between the parties. It was in our opinion such a reference as is illustrated in the cases of *American Central Insurance Co.* v. *Landau,* 62 *N. J. Eq.* 93; 49 *Atl. Rep.* 738; *Stout* v. *Phoenix Assurance Co.,* 65 *N. J. Eq.* 566; 56 *Atl. Rep.* 591.

Such being the case the persons selected were not required to be sworn or to accord formal hearings and the learned trial judge properly received the report of the arbitrators in evidence and gave it conclusive force in the trial of the cause.

The judgment is affirmed.