393 A.2d 794

**COMMONWEALTH of Pennsylvania ex rel. Ruth A. HALL (now Brown), Appellant,**

v.

**Larry E. HALL.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1977.

Decided Oct. 20, 1978.

Richard C. Angino, with him Hurwitz, Klein, Benjamin & Angino, Harrisburg, for appellant.

A. Hebel, Mechanicsburg, with him Richard C. Snelbaker, Mechanicsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This appeal from an order reducing support payments is before us for a second time. The prior proceedings are reviewed in *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. 162, 364 A.2d 500 (1976), where we remanded for further consideration of appellee's commissions as an insurance salesman, and of his second wife's income. After a further hearing, the lower court ordered appellee to pay $65 weekly towards the support of his two children, plus $10 weekly towards arrearages. The $65 figure represents a reduction of $15 weekly from the immediately preceding support order, entered in April 1975.[1] Appellant argues that this reduction demonstrates an abuse of discretion by the lower court, in that appellee failed to prove a permanent change in his circumstances. *Commonwealth ex rel. Naselsky v. Naselsky*, 199 Pa.Super. 270, 185 A.2d 288 (1962).

Appellant's discussion of the facts concentrates on various financial details that often obscure the critical issue, which is the extent of appellee's present income. For example, appellant compares appellee's net *take-home* income at the time of the original support order in 1973 with his present net *after-tax* income. More helpful than such comparisons is a schematic summary of appellee's income (drawn from

---

1. We omit discussion of the order entered September 9, 1975, reducing the weekly payment to $55 for support. That order was the subject of the prior appeal, and was vacated by our earlier decision.

We also omit discussion of the original order of $90 weekly, entered by stipulation of the parties at the time of their divorce, in early 1974. The reduced order entered in April 1975, from which appellant took no appeal, seems to us the relevant one, as to which appellee must demonstrate a change in his circumstances.

his tax returns) that appellant submitted to the lower court. (The summary is at Supp.R. 79b.)

According to the summary, in 1974 (the tax year preceding the entry of the April 1975 order) appellee's net after-tax income was $454.79 a week. In 1976 his net after-tax income (including his second wife's net after-tax income[2]) was $447.90 a week.[3] In 1977 appellee's second wife's gross income increased by $9 a week, making appellee's net after-tax income (disregarding as *de minimis* the effect of taxes on the $9 increase) $456.90 a week.

The lower court found that appellee's demotion in mid-1975 from sales manager to salesman required him to incur considerable business expenses not reimbursed by his employer. Appellee claimed weekly expenses of $113; the lower court did not accept this figure, but did find credible a figure of one half that amount, or $56.50.

■ If these expenses are deducted from appellee's net after-tax income of $456.90, the result is $400.40. Thus, in round figures, appellee proved a decline in income of some $50 odd a week between 1974 and 1976. Given this proof, we cannot find an abuse of discretion in the lower court's order that appellee pay $15 a week less for support.[4]

2. As will appear from our further discussion, we need not consider the exact effect of the second wife's income, as required by *Commonwealth ex rel. Travitzky v. Travitzky*, 230 Pa.Super. 435, 326 A.2d 883 (1974), but may assume for purposes of this case that her entire income was available to appellee.

3. This figure includes appellee's commissions. *See* Lower Court Slip Opinion at 2.

4. The lower court did not consider, nor has appellant raised below or here, the fact that appellee claimed business expenses on his 1974 tax form similar to those claimed for 1976. Instead, the lower court seems to have assumed, and appellant to have accepted, that the 1976 business expenses are an entirely new factor in the calculation of appellee's real income. However, because appellant did not raise the issue, we have not been enabled to consider the effect of the 1974 expenses on appellee's income, for the lower court made no finding as to the weight to be given those expenses. It may be noted that the 1974 expenses are almost $1,000 less than the 1976 expenses.

██ Appellant also argues that the lower court should have declined to hear appellee's petition for reduction because he was in arrears. *See Commonwealth ex rel. Goodwin v. Goodwin*, 413 Pa. 551, 198 A.2d 503 (1964). However, appellant did not ask the lower court to consider whether appellee was in "flagrant contempt of [the] subsisting court order," *id.* at 555, 198 A.2d at 504, nor did the lower court consider the issue *sua sponte*. Under such circumstances we would be very hesitant to find on appeal that appellee was in contempt. Furthermore, the record reproduced for appeal by appellant shows that from July 10, 1972, to September 2, 1975,[5] appellee was obligated to pay a total of $17,120, and of this amount paid $15,650. We do not consider that these arrears of $1,470 *per se* show contempt; much would depend on appellee's explanation for the arrears, *see Commonwealth ex rel. Fusco v. Fusco*, 247 Pa.Super. 413, 372 A.2d 893 (1977) (arrears of $3,778 on total obligation of $18,200 *held* sufficiently explained). Here, however, appellee was never required—as, for example, by a petition for contempt—to explain the arrearages. Under such circumstances we shall not apply the sanctions allowed by *Commonwealth ex rel. Goodwin v. Goodwin, supra. See Commonwealth ex rel. Rickert v. Rickert*, 223 Pa.Super. 1, 296 A.2d 841 (1972). If appellee is still in arrears, nothing said here precludes appellant from initiating such proceedings as she may consider appropriate to collect the arrearages.

Affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

**5.** No figures after this date are of record.