Swindell Dressler Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert B. Sommer,* with him *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*Arthur H. Marateck,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 17, 1979:

Swindell Dressler Company (Swindell) has appealed from an order of the Board of Arbitration of Claims rendering judgment in favor of the Pennsyl-

vania Department of Transportation (PennDOT). The dispute between Swindell and PennDOT concerns whether Swindell's fee for engineering and design services should be based on an estimate of construction costs or upon the bid submitted by the successful contractor.

In 1961, Swindell agreed to plan and design a highway in Erie County for PennDOT (then known as the Department of Highways). The agreement designated the "completed project" as "the delivery to the Department, and the approval and acceptance by the Secretary and the Chief Engineer, of the completed drawings of all plans and designs." If the plans and designs were advertised for bids within 90 days of their approval, Swindell's fee was to be determined by multiplying the bid of the successful contractor by 3.25 percent. If the plans and designs were not advertised within 90 days, the fee was to be determined by multiplying the estimated cost of construction by 3.25 percent.

On March 7, 1969, Swindell delivered a complete set of plans and designs to PennDOT, together with an estimated construction cost of $2,984,197.31. These plans and designs were formally approved by the Chief Engineer on March 24, 1969 and by the Secretary on April 30, 1969.

It is undisputed that the project was not advertised for bids until September 24, 1970, 17 months later. Nevertheless, Swindell contended that its fee should be based upon the bid of the successful contractor. When PennDOT disagreed, Swindell brought its action before the Board of Arbitration of Claims (Board). The Board entered a decision upholding PennDOT's position, and Swindell's appeal to this Court followed.

The record fully supports the Board's findings that Swindell delivered a complete set of plans and

designs to PennDOT on March 7, 1969 and that these plans and designs were accepted and approved by April 30, 1969. Under the terms of the agreement, the project was complete at that time.[1] Since the project was not advertised for bids within 90 days, the Board properly concluded that Swindell's fee must be based upon the approved estimated construction cost submitted with the plans and designs.

Swindell's argument to the contrary is based on the fact that in April 1970, one year after completion of the original project, PennDOT requested Swindell to make substantial modifications to a portion of the project, thereby rendering the formerly complete project incomplete pending PennDOT's acceptance of the modification. A "supplemental agreement" concerning the modifications was executed on September 14, 1970. Although the supplemental agreement refers to the original agreement, we are of the opinion that the supplemental agreement was not intended to alter the amount payable to Swindell for services already rendered. The original project was complete on April 30, 1969, and Swindell's right to a specific fee became fixed 90 days later. If desired, the right could have been enforced at any time thereafter. The supplemental agreement contained a provision specifying how Swindell was to be paid for the services performed pursuant thereto but did not purport to

---

[1] Swindell has laid great stress on the fact that it is undisputed that Swindell continued to render sporadic services to PennDOT concerning the plans throughout at least 1969 and 1970. The testimony was that the engineer was expected to render services as necessary to clarify the plans or to explain details during all phases of the planning and construction. Swindell's argument therefore suggests that the project would not be "complete" until the construction was finished. However, the agreement clearly contemplates that the project will be complete, and Swindell's fee determined, at or before the submission of bids, which is of course long before construction even begins.

alter the amount Swindell was already entitled to recover. We must therefore reject Swindell's argument.

In its order, the Board simply "rendered judgment" in favor of PennDOT and against Swindell. This was in error, since it is undisputed that Swindell has not been fully paid for its services; the dispute concerned only the amount to which Swindell was entitled. We will therefore vacate the order of the Board and remand for the entry of a judgment in favor of Swindell and against PennDOT in an amount consistent with the Board's decision and with this opinion.

ORDER

AND Now, this 17th day of May, 1979, the order of the Board of Arbitration of Claims dated December 7, 1977 is hereby vacated, and this case is remanded with directions that judgment be entered in favor of Swindell Dressler Company and against the Pennsylvania Department of Transportation in an amount consistent with the decision of the Board of Arbitration of Claims dated December 7, 1977 and with this opinion.