Swindell-Dressler Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs, February 4, 1980, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

Robert B. Sommer, with him Alexander C. Black, of Kirkpatrick, Lockhart, Johnson & Hutchinson, for petitioner.

Stuart M. Bliwas, Assistant Attorney General, with him, Robert W. Cunliffe, Deputy Attorney General and Edward G. Biester, Jr., Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 11, 1980:

In Swindell Dressler Co. v. Department of Transportation, 42 Pa. Commonwealth Ct. 634, 401 A.2d 600 (1979), we ruled on a dispute between Swindell-Dressler Company (Swindell) and the Pennsylvania Department of Transportation (PennDOT) concerning whether Swindell's fee for engineering and design services should be based on an estimate of construction costs or upon the bid submitted by the successful contractor. Our ruling, based on the provisions of the agreement between the parties and the facts of the case, was that Swindell's fee must be based upon the approved estimated construction cost submitted with the plans and designs.

We further determined that the original project was complete on April 30, 1969 and Swindell's right to a specific fee became fixed 90 days thereafter. We remanded the case to the Board of Arbitration of Claims

(Board),[1] with directions that judgment be entered in favor of Swindell and against PennDOT in an amount consistent with our opinion.

On remand, the Board awarded Swindell $39,-439.24,[2] with simple interest from April 2, 1974, the date the Board determined Swindell's cause of action accrued in these proceedings. Swindell filed this appeal which only challenges that portion of the Board's order fixing the date from which interest is to be computed.

In *Department of Transportation v. DePaul,* 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977), involving a claim against the Commonwealth under a contract for the installation of new traffic signals, we adhered to our holding in *Department of Property & Supplies v. Berger,* 11 Pa. Commonwealth Ct. 332, 312 A.2d 100 (1973), that interest should be awarded from the date on which the Commonwealth's obligation arose. In *General State Authority v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 247, 328 A.2d 886, 893 (1974), we stated that "[i]t is axiomatic that when a contract is fully performed, the obligation to pay for that performance would arise on the date of completion absent contractual terms to the contrary."

Here the contractual terms were that, if the plans and designs were not advertised for bids within 90 days of their approval, the fee was to be determined by multiplying the estimated cost of construction by 3.25 percent. The project was not advertised for bids within the 90-day period and therefore on the 91st day

---

[1] Renamed Board of Claims and its power expanded by the Act of October 5, 1978, P.L. 1104 (amending the Act of May 20, 1937, P.L. 728 (Arbitration Act of 1937), 72 P.S. §§4651-1 to -10). See Sections 1 and 4 of the Act, 72 P.S. §§4651-1, -4.

[2] The parties agreed to this amount as being the principal amount due under the estimated-cost formula.

Swindell's right to a specific fee became fixed and the obligation of PennDOT to pay Swindell's fee arose.

Since the agreement in question here designated the "completed project" as "the delivery to PennDOT, and the approval and acceptance by the Secretary and the Chief Engineer, of the completed drawings of all plans and designs," and the date of completion was determined in *Swindell Dressler Co. v. Department of Transportation, supra,* to be April 30, 1969, it follows that, by the terms of the contract, on the 91st day thereafter, bids not having been sought in the interim, the obligation of PennDOT to pay Swindell's fee arose. That date was July 30, 1969 and is the date from which interest must be computed in this case.

In all cases of contract, interest is allowable from the time payment is withheld after it has become the duty of the debtor to make such payment. *Palmgreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 117 A.2d 721 (1955). The due date for the payment of interest occurs upon the happening of a contingency when one is in contemplation of the parties or is part of their contract. *Peyton v. Margiotti,* 398 Pa. 86, 156 A.2d 865 (1959). In the instant case, the happening of the contingency was the expiration of 90 days, during which the project was not advertised for bids, following April 30, 1969, which was the date the original project was completed. Accordingly, the date from which interest is to be computed on the $39,439.24 principal amount due Swindell is July 30, 1969.

### ORDER

AND Now, this 11th day of April, 1980, the order of the Board of Claims, dated September 5, 1979 and finding in favor of Swindell-Dressler Company, is modified by substituting the date of July 30, 1969 for the date of April 2, 1974, and, as so modified, the said order is affirmed.

· President Judge Bowman did not participate in the decision in this case.