# Commonwealth ex rel. Goodwin *v.* Goodwin, Appellant.

Argued November 12, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel P. Lavine,* with him *Steinberg, Steinbrook, Lavine & Gorelick,* for appellant.

*Morris Gerber,* with him *Louis M. Cohen,* and *Wisler, Pearlstine, Talone & Gerber,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

On January 2, 1962, relatrix-appellee filed a petition against her husband, respondent-appellant, seeking support for herself and the two children of her marriage to appellant. After a hearing and protracted negotiations, the court, on May 2, 1962, entered an order, agreed to by the parties, calling for support payments of $300 per week.

On August 27, 1963, appellant filed a petition to reduce the order, alleging. that his income had been drastically reduced. By an amended petition, he further sought to have vacated the portion of the order requiring support payments for his wife, on the ground that it had been obtained by fraud.

The court of quarter sessions, without taking testimony, dismissed the petition to vacate and denied the petition to reduce "until such time as [it] deems [appellant] to be purged of contempt". The reasoning of the court is well summarized in its opinion as follows: "The defendant contends that the Court should have allowed testimony to be presented on both Petitions. The theory behind the first offer of proof is that the original support Order as to the wife was obtained by the wife's fraudulent inducement. He contends that his reliance on her denials of improper conduct caused him to allow the Order to be entered and that this conduct on her part amounts to fraud which warrants this Court to vacate the Order as to her.

"As authority for this argument, he cites Commonwealth v. Levitz, 189 Pa. Superior Ct. 438 (1959). We do not believe that the Levitz Case is authority for the proposition which defendant asserts. In that case the Superior Court, after finding that there was sufficient evidence of the wife's adultery before the lower Court, ordered that the Order for the support of the wife be vacated. The defendant husband had specifically opposed the entry of the original Order on the grounds that the wife was guilty of adultery. The wife specifically denied on the stand that she had any intimate association with the certain party and the lower Court in entering the Order for the support of the wife specifically found that adultery had not been proved. Thereafter, a Petition to revoke the original Order was filed and the party with whom the wife had allegedly committed adultery, produced letters which clearly estab-

lished the fact of adultery. The lower Court dismissed this Petition and the Superior Court, after finding that the lower Court had abused its discretion, stated at page 444 as follows: 'The wife obtained the original Order of support by perjured testimony and that Order should be revoked'.

"In the instant case, the defendant did not oppose the entry of the Order on the grounds of the wife's allegedly improper conduct nor did the wife testify as to such charges. There is not then in the instant case, as there was in the Levitz Case, any perjury upon which a charge of fraud can be based. Moreover, and perhaps even more important, the very information which forms the basis of the defendant's present offer of proof was in the possession of defendant's extremely competent counsel throughout all of the negotiations and hearings leading up to the entry of the Order. Yet the charge of improper conduct was never raised at that time.

"Reference the Petition to Reduce, we believe that there is even a more compelling reason why this Court should refuse to hear any testimony or to grant any relief to this defendant. The defendant did not appear on the date set by this Court for the hearing of these Petitions and the defendant was then $1,200 in arrears. By his action of arbitrarily paying $150 a week, we believe he was in contempt of this Court. The Court therefore refused to hear any testimony on the Petition to Reduce 'until such time as he brings the Order up to date'. The Court then issued a bench warrant for the arrest of the defendant. To date, the defendant has not presented himself to this court to purge himself of contempt. We believe that it is elementary that one who flagrantly defies the Order of the Court should not be granted relief by such Court. If a party does 'not deem it appropriate' to obey the Orders of the Court, the Court should not deem it appropriate

to grant such party the relief it seeks. We will, therefore, refuse to hear any testimony on the defendant's Petition to Reduce until such time as the defendant purges himself of the contempt of this Court".

Appellant appealed to the Superior Court, which quashed the appeal. We granted allocatur.

In quashing the appeal, the Superior Court relied upon *Com. ex rel. Beemer v. Beemer,* 200 Pa. Superior Ct. 103, 188 A. 2d 475 (1962). That case held that where a party is in flagrant contempt of a subsisting court order, he may properly be denied appellate relief until such time as the disobedience terminates. We agree with the rationale of *Beemer,* and a study of the record of the case at bar indicates that appellant's conduct is flagrantly defiant of the order of court. In such circumstances, the action of the court of quarter sessions was proper, as was that of the Superior Court. As aptly stated by Judge WATKINS in *Beemer,* page 109, "True, the quashing of the appeal may not accomplish the enforcement of the order but it will most certainly not dignify the appeal with validity".

Order affirmed.