Concurring Opinion by
Hoffman, J.:
This appeal involves the question of whether a court may deny a hearing on a petition to reduce an order of support where the petitioner is in arrears of the support order. The lower court and the majority of this Court have answered this question in the affirmative. I concur in the result reached by the majority. I must, however, add these remarks to emphasize my disapproval of the existing case law of this Commonwealth, which we are bound to follow, but which I believe is contrary to emerging trends and against public policy.
Appellant, Louis Paul, and appellee, Euth Paul, were married on January 21, 1949, and are the parents *520 of two children. On April 6, 1970, a temporary award of support was entered by agreement in the amount of $125 per week for the wife and children. After a period of time, appellant stopped payments of support, and permitted the accumulation of arrearages to the extent of $5,000. On June 21,1971, the Court increased the original order to $150 per week. Having determined that appellant's default of payment was in no way caused by an inability to pay, the Court further denied appellant’s petition to remit the arrearages and ordered appellant to pay $50 per week in order to reduce the accumulated arrearages.
From this order the appellant took an appeal to our Court, which order we affirmed in a per curiam opinion filed February 10, 1972.[1] Despite this Court’s ruling, appellant made just a single payment of $150 on February 15, 1972, ultimately increasing the accrued arrearages to approximately $8,500.
Appellant thereafter filed a Petition to Eeduce the Order of Support, stating that he should be granted relief since one of his sons is “18 years of age, is no longer enrolled in school and is presently working for petitioner where he earns sufficient income to maintain himself.” On March 1,1972, the lower court, finding appellant to be in contempt of both orders, refused to hear the matter of a reduction in the support order until such time that the arrears would be paid.[2] It is from this order that this appeal was taken.
*521 It is well established that an order for maintenance or child support is not immutable, and may be altered at any time that there appear changes in the financial circumstances of the parties or other compelling reasons calling for a review and modification of the amount of the award. Commonwealth ex rel. Bassion v. Bassion, 199 Pa. Superior Ct. 541, 185 A. 2d 822 (1962); Commonwealth ex rel. Kozlowski v. Kozlowski, 176 Pa. Superior Ct. 24, 106 A. 2d 676 (1954) To this general proposition, there has been added a judicially-fashioned rule of law, which provides that “where a party is in flagrant contempt of a subsisting court order, he may properly be denied appellate relief until such time as the disobedience terminates.” Commonwealth ex rel. Goodwin v. Goodwin, 413 Pa. 551, 555, 198 A. 2d 503 (1964); see also Commonwealth ex rel. Beemer v. Beemer, 200 Pa. Superior Ct. 103, 188 A. 2d 475 (1962).
In Goodwin, supra, our Supreme Court was faced with a situation similar to the instant case. There, the Court upheld the lower court’s denial of a hearing to reduce a support order until such time as appellant would purge himself of contempt. It should be noted, however, that the very information which formed the basis of appellant’s petition for reduction, in Goodwin, had been in possession of appellant’s counsel prior to the entry of the original order, and could have been presented at that time.
Unlike Goodwin, the instant case does not present a situation where appellant could have challenged the order of support at the time it was originally entered. At that time, appellant’s son was a minor. Appellant’s *522 claim could not have been made until his son had attained majority and finished high school.
While the instant case may be distinguishable from Goodwin, we must consider whether appellant can be denied a hearing on a petition to reduce an order of support, when he is in arrears. Other jurisdictions have held that a hearing is necessary on a petition for the reduction of a support order to determine the present needs and financial conditions of the parties, notwithstanding the existence of arrearages. Peters v. Peters, 14 A. D. 2d 778, 219 N.Y.S. 2d 906 (1961) ; Knight v. Knight, 341 S.W. 2d 59 (1960); Smith v. Smith, 118 O. A. 276, 194 N.E. 2d 168 (1963); Dougherty v. Dougherty, 76 S. O. 318, 77 N.W. 2d 845 (1956). These courts have recognized that a court should hear a petition to reduce an order of support despite the existence of arrearages, since prior defaults, even to the extent of being contemptuous, and a change of circumstances are independent of each other.
I agree with this view. Certainly, a petitioner who discovers that his wife has committed adultery should not be barred from producing evidence that would justify a revocation of a support order, which otherwise could continue for the remainder of her life. See Commonwealth v. Levitz, 189 Pa. Superior Ct. 438, 150 A. 2d 581 (1959). The existence or nonexistence of arrearages should in no way affect the right of the petitioner to present his case. The controlling question should be whether the petitioner can produce such evidence to warrant a revision in the original order of support. The punishment for disobeying a court order is a matter for separate and independent consideration. Cf. Commonwealth ex rel. Beemer v. Beemer, supra (dissenting opinion by Judge Woodside) .
I believe that the spurious distinction now existing as a result of this judicially-created rule of law cuts *523 against the maxims of equity and justice. It is time that our courts reassess a policy that so denies a party his rightful claim of relief.[3]
For the reasons stated, I concur in the result of the majority.
Spaulding and Packed, JJ., join in this concurring opinion.

 Commonwealth ex rel. Paul v. Paul, 221 Pa. Superior Ct. 726, 288 A. 2d 538 (1972).

 In the opinion accompanying the lower court order, Judge Schwartz stated: “The Court based its order denying petitioner a hearing on his petition . . . upon two factors taken in combination: the petitioner failed to allege facts to sustain a finding that continuation of the present order would work hardship upon him, and the court, being fully aware of petitioner’s economic posture from prior hearings, determined that the tremendous arrearage *521 which had accrued was without justification and in flagrant violation of the orders of this Court.”
The order of the Court read as follows: “The Court refuses a hearing in this matter. All the arrears must be paid before the Court will consider another hearing.”

 It is to be emphasized that in no way do I reward the appellant for his contemptuous conduct The lower court has full power to impose whatever sanctions it may deem necessary to compel appellant to obey the orders of the court