Commonwealth ex rel. Rickert *v.* Rickert,
Appellant.

Argued September 14, 1972.  Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
PACKEL, JJ.

2

*Charles Polis,* with him *Polis and Polis,* for appellant.

*John E. Landis,* with him *Landis & Williams,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

This is an appeal from an order dismissing appellant's Petition to Remit Arrears and Vacate a Support Order. The lower court refused to grant a hearing on this petition on the sole ground that appellant was in arrears.

The original order dates back to 1931 at which time the lower court set the amount at $15 a week for the wife and two children. In 1952, when the minor children became of age, the order was increased to $25 a week for the wife-appellee, apparently because she was too ill to work. Shortly thereafter, and without informing either the Court or appellant, appellee began receiving social security benefits, which with the recently enacted increase now amounts to $111 a month. Since the inception of the original order, appellant had punctually met his obligation for a period in excess of 3100 weeks, making payments of approximately $37,000.

At the time the Court entertained appellant's petition, which had been filed on March 8, 1972, appellant had fallen behind in his payments, and had accumulated $126.60 in arrearages. Appellant's petition alleges, in effect, the following: (1) appellant is now over 80 years of age, unemployed, and in poor health; (2) his sole source of income arises from social security benefits in the amount of $228 a month; (3) appellant's

expenses are approximately $90 a week; (4) appellee, on the other hand, lives with an adult daughter in her home; (5) she receives social security payments of $111 a month, which payments she has been receiving for a number of years unbeknownst to appellant or the Court; and, (6) that appellee has recently settled a personal injury claim and is in receipt of $13,000. The lower court based its reason for denying appellant a hearing on his petition on the fact that he was in arrears. We reverse.

It is clearly the law that an order of support is not immutable, and may be altered upon a showing that there has been a change in circumstances. *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa. Superior Ct. 541, 185 A. 2d 822 (1962). The precise question before us is whether a court may refuse to grant a hearing to a party in arrears who alleges that a change of circumstances has occurred to warrant a modification of such an order. From an examination of the record, we find that appellant's failure to keep up with his payments cannot be considered an act in "flagrant contempt of a subsisting court order", which conduct might arguably preclude appellant relief. See, *Commonwealth ex rel. Goodwin v. Goodwin,* 413 Pa. 551, 555, 198 A. 2d 503 (1964). Appellant had until the date of his petition paid all but 5 of 3132 weekly support payments. We consider appellant's conduct to be in substantial compliance with the court's order.

By this opinion, we hope to eliminate the erroneous misapprehension that the mere existence of arrears should bar a petitioner a right to review an existing support order. As we said in *Commonwealth ex rel. Paul v. Paul,* 222 Pa. Superior Ct. 518, 295 A. 2d 166 (1972), concurring opinion by HOFFMAN, J.: "The existence or nonexistence of arrearages should in no way affect the right of the petitioner to present his case.

The controlling question should be whether the petitioner can produce such evidence to warrant a revision in the original order of support. The punishment for disobeying a court order is a matter for separate and independent consideration."

Besides the question of arrears, we find that the present financial condition of appellee justifies a review and modification of the existing support order. At the Bar of this Court, it was argued, without contradiction or refutation, that appellee had settled a claim for $13,000 in a separate controversy. Surely, such a windfall to the appellee, in light of appellant's unfortunate condition, should warrant a re-examination. Although it is within our power to modify the order ourselves, we believe, therefore, that the parties should be permitted to present evidence in support of their positions in a full evidentiary hearing. If appellant's allegations are substantiated, we believe that he deserves a considerable modification or vacation of the existing order.

We remand this case to the court below with a procedendo.