372 A.2d 893

**COMMONWEALTH ex rel. Betty FUSCO**

v.

**Joseph V. FUSCO, a/k/a Joseph Fusco, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided April 19, 1977.

Joyce Ullman, Philadelphia, for appellant.

Joseph P. Mylotte, Upper Darby, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

This is an appeal from an order dismissing appellant's petition to remit arrearages and to reduce a support order. We, therefore, remand for a full evidentiary hearing.

On August 1, 1966, appellee-wife filed a petition for support which the lower court granted in the amount of $50.00 per week.[1] On September 15, 1967, the court dismissed appellant's petition to reduce the support order. On August 31, 1973, the court granted appellee's petition to reduce the arrearages to judgment. Finally, on July 1, 1975, appellant filed a petition to vacate the support order, or alternatively to reduce the support order, and to remit arrearages. The lower court dismissed the petition without a hearing and this appeal followed.

---

1. The order of support was for appellee alone.

Since the date of the original support order, appellant has made substantial payments to his wife. Viewing the arrearages on a yearly basis, we note that appellant owed $2600.00 per year as support. In the petition now before us, appellant alleges that the arrearages are as follows:

"1967: $230.00
"1968: $177.00
"1969: $210.00
"1970: $1262.00
"1971: $720.00
"1972: $744.00
"1973: $435.00"

Thus, out of a total due of $18,200.00 for the seven year period from 1967–73, appellant paid $14,422.00. In his petition appellant explains these arrearages by stating that he was periodically laid-off from his job, and that in 1970, he developed a disease in his eyes which has resulted in reduced vision and also in his inability to work full time. In December, 1973, appellant was laid-off from his job and has subsequently been unable to obtain employment. In 1974 and 1975 appellant received unemployment compensation and consequently he could only pay approximately $25.00 per week in support. Appellant's current income consists of Social Security disability benefits.

On the date of the scheduled hearing on appellant's petition the lower court stated: "THE COURT: If he were in here for failure to comply, I would hold him in contempt and he wouldn't leave the Court House. But since this is a petition to reduce, I am going to dismiss the petition absent a showing of good faith by payment of a substantial payment on account. [Defense Counsel] Is Your Honor precluding us then from presenting any testimony as to the reason for the arrearages? THE COURT: Yes, because your client is in contempt of court, since he has not complied with the original order from 1967 up until today. [Defense Counsel] May we request a hearing on that contempt issue? THE COURT: You have just had your hearing. The petition is dismissed." Thus, the lower court indicated that if

appellant had made a good faith effort to comply with the support order, it would permit a hearing on the petition to remit arrearages and reduce the support order. Nonetheless, it refused to hear any testimony as to whether or not appellant had made a good faith effort to comply.[2]

It is well settled that orders of support are not final and may be increased or decreased when the financial condition of the parties changes. *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 323 A.2d 766 (1974); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974). However, a judicially created rule of law has been added to this general proposition. "Where a party is in flagrant contempt of a subsisting court order he may properly be denied appellate relief until such times as the disobedience terminates." *Commonwealth ex rel. Goodwin v. Goodwin*, 413 Pa. 551, 555, 198 A.2d 503, 504 (1964). In *Goodwin* the lower court entered an order requiring support payments of $300.00 per week. Appellant paid only $150.00 per week for over one year; he then petitioned the court to reduce or vacate the original order. Appellant did not appear at the hearing on his petitions. The lower court found him in contempt and issued a bench warrant for his arrest. Based upon appellant's "flagrant contempt of a subsisting court order", the Supreme Court affirmed the trial court's refusal to grant a hearing on appellant's petitions.

In *Commonwealth ex rel. Rickert v. Rickert*, 223 Pa.Super. 1, 4, 296 A.2d 841, 842 (1972), our Court attempted to clarify the holding in *Goodwin*. We stated: "By this opinion, we hope to eliminate the erroneous misapprehension that the mere existence of arrears should bar a petitioner a right to review an existing support order." In *Rickert*, based upon an examination of the record, our Court found that appellant's conduct was in substantial compliance with the court's order and that appellant's financial condition justified a modification of an existing support order. Therefore, we

2. See, *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977) which discusses civil contempt for non-support.

remanded the case to the lower court for a full evidentiary hearing on the issue of a reduction in support.

In the instant case, appellee did not answer appellant's petition to reduce support and remit arrearages. Based upon an examination of the record before us, we believe that even under the existing case law of the Commonwealth,[3] appellant's failure to maintain the support payments cannot be considered an act in flagrant contempt of a court order, conduct which might arguably preclude relief. In his petition appellant explained that for nine years he made a good faith effort to comply with the original support order. He sent money to his wife every week despite his own precarious financial situation. Further, appellant has alleged that his current financial situation is substantially different from what it was when the original order was issued. We, therefore, remand for a full evidentiary hearing on appellant's petition to reduce the support order and to remit arrearages.

Case remanded for hearing.

PRICE, J., files a dissenting opinion in which WATKINS, President Judge, and VAN der VOORT, J., join.

PRICE, Judge, dissenting:

I dissent because I believe this case is controlled by *Goodwin v. Goodwin*, 413 Pa. 551, 198 A.2d 503 (1964). In that case, the Supreme Court of Pennsylvania held that one who is in flagrant defiance of a court order is not entitled to have his petitions for relief considered by the court.

A support order of $50.00 per week for the wife alone was entered in this case on December 16, 1966. By the end of 1967, appellant had accumulated arrearages totalling $230.00. Appellant then proceeded to allow arrearages to accumulate every year leading up to the date of the order in this case. However, not until July 1, 1975, did appellant deem it appropriate to file petitions to reduce the support

3. See *Commonwealth ex rel. Paul v. Paul*, 222 Pa.Super. 518, 295 A.2d 166 (1972) (Concurring opinion by HOFFMAN, J.).

order and to remit arrearages. By that date, the arrearages totalled $6,463.00.

In *Commonwealth ex rel. Rickert v. Rickert*, 223 Pa.Super. 1, 296 A.2d 841 (1972), this court held that one who substantially complies with a court order is not in flagrant defiance of it. In that case, the petitioner had punctually made over 3100 weekly payments totalling approximately $37,000.00. At the time he filed his petitions, he had accumulated arrearages of $126.60. Clearly, the actions of the petitioner in this case cannot be compared with the commendable diligence demonstrated by the petitioner in *Rickert, supra.*

In this case, the lower court found that appellant had blatantly ignored the existing support order. I would affirm the order of the lower court.

WATKINS, President Judge, and VAN der VOORT, J., join in this opinion.