J-A04008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TARA MARIE MARSHALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT GEORGE WHITE, JR. | : | |
| | : | |
| Appellant | : | No. 864 MDA 2025 |

Appeal from the Order Entered June 9, 2025
In the Court of Common Pleas of Berks County
Domestic Relations at No(s): 08-03498,
PACSES No. 603109906

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.:       **FILED: APRIL 13, 2026**

Robert George White, Jr. ("Father") appeals *pro se* from the order of the

Berks County Court of Common Pleas denying his exceptions to the custody

support hearing officer's report and recommendation and adopting the report

and recommendation as a final order. Father raises various challenges to the

trial court's and hearing officer's proceedings and findings. After careful

review, we affirm on the basis of the trial court's well-reasoned opinion.

We discern the following facts from the certified record. Father and Tara

Marshall ("Mother") are separated and have a daughter, A.W. (born 2008),

together.[1] Mother has primary physical custody of A.W. and lives in Florida

---

[1] Throughout the proceedings below and in the trial court opinion Mother is referred to as both "Tara Stahl" and "Tara Marshall." Our review of the record indicates that her last name is now Marshall.

with her husband and her three other children. Since May 2008, Father has been ordered to pay $400 a month in child support and $25 a month in arrears for A.W. Father lives with his wife and their five other children.

On November 18, 2024, Father filed a petition seeking to terminate his child support obligations. A support conference was held on January 28, 2025.[2] A hearing was held before a custody support hearing officer on March 19, 2025. At the conference and hearing both parties appeared unrepresented and Mother appeared via telephone. After the hearing, the hearing officer issued a report and recommendations that calculated Father's support obligation and recommended that effective November 18, 2024, Father be obligated to pay $792.89 in child support to Mother.

Father filed the following exceptions to the hearing officer's report and recommendations.

- The Hearing Officer failed to sustain [Father's] objection to allowing [Mother] to appear telephonically;

- The Hearing Officer failed to consider [Mother's] ability to work;

- The Hearing Officer did not properly calculate an adjustment as [Father] has five (5) other children that he must support; and

- Pennsylvania cannot order a participant to pay support obligations that are being used for the possession, manufacture and distribution of child pornography in violation of Pennsylvania, Florida, and Federal [l]aw.

---

[2] On January 24, 2025, the Honorable Scott E. Lash entered an order permitting Mother to appear at the conference via telephone and vacated a contrary order filed earlier that day.

Trial Court Opinion, 8/4/25, at 2-3.

The trial court issued an order that directed the parties to file briefs and stated that "[f]ailure to timely file a memorandum or brief in accordance herewith **may** result in dismissal of the exceptions filed by that party." Order, 5/1/25, at ¶ 7 (emphasis added).

On June 2, 2025, the parties appeared before the trial court for argument. Both parties were again unrepresented, and Mother appeared via telephone. The trial court entered an order overruling the exceptions and adopting the hearing officer's report and recommendation as a final order of court.[3]

Father timely appealed *pro se*. Both Father and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).

On appeal, Father raises the following issues for our review.

1. The Berks County Domestic Relations Division does not have the jurisdictional authority to permit requests to appear via telephone and/or the Berks County Court of Common Pleas unlawfully delegated its authority to the Domestic Relations Department.

2. The lower court violated my procedural rights and/or abused its discretion in permitting [Mother] to appear via telephone.

---

[3] The trial court entered its order on June 4, 2025. However, we consider the date of entry of the order to be June 9, 2025, because that is the date that written notice of entry of the order was entered on the docket. *See* Pa.R.A.P. 108(b).

- 3 -

3. The lower court failed to impute income to [Mother] as she has the ability to work more hours.

4. The lower court failed to deviate from the guidelines as my income for both support obligations totals more than 50%.

5. The lower court abused its discretion by failing to consider evidence that child support payments are being used to support activity that violate[s] Pennsylvania, Florida and Federal law.

6. The lower court abused its discretion in permitting [Mother] argument at the time of exceptions.

Appellant's Brief, at 6 (unnecessary capitalization omitted).

In reviewing a support matter, we are guided by the following:

When evaluating a child support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**T.M.W. v. N.J.W.**, 227 A.3d 940, 944 (Pa. Super. 2020) (brackets and citation omitted).

After a thorough review of the certified record, Father's brief,[4] the applicable law, and the well-reasoned and comprehensive opinion of the Honorable James E. Gavin, we conclude that there is no merit to the claims

[4] Mother did not file a brief.

raised by Father. The trial court thoroughly and correctly addressed each issue raised by Father.[5] **See** Trial Court Opinion, 8/4/25, at 4-16 (Finding: (1) Mother living in Florida was "good cause" for the hearing officer and trial court to allow her to appear via telephone, and Father was not prejudiced; (2) Mother was not willfully failing to maintain appropriate employment because "after an extended period outside the workforce, [Mother is working 24 hours per week] and diligently working to improve her earning capacity[]" by continuing to pursue her education; (3) the record supported the hearing officer's finding that Father's total monthly support obligation was $1,869.80 which did not exceed 50% of his monthly net income of $4,139.01; (4) Father's unsubstantiated allegations that his child support is being used to pay for his daughter's cell phone that she allegedly uses to distribute her own

_____

[5] We discern one argument raised by Father that can be fairly construed as being raised in his concise statement that the trial court did not directly address in its opinion. Father argues that the Domestic Relations Department did not have authority to permit Mother to testify via telephone because Pennsylvania Rule of Civil Procedure 1930.3 requires "approval of the court" and the Domestic Relations Department is not "the court." **See** Appellant's Brief, at 13-14. The order permitting Mother to appear via telephone at the support conference was signed by Judge Scott E. Lash. **See** Order, 1/24/25. It is beyond dispute that Court of Common Pleas judges exercise their authority "in the name of the court." 42 Pa.C.S.A. § 102 (definitions). Further, we have previously explained that "Rule 1930.3 only requires court approval, and there is no language mandating that approval take the form of a court order, or that the approval precede the master's ruling." **Fotopoulos v. Fotopoulos**, 185 A.3d 1047, 1052 (Pa. Super. 2018). Accordingly, Mother's subsequent appearances via telephone to the support hearing and oral argument certainly had "court approval." Therefore, Father's argument is without merit.

pornography did not relieve Father of his support obligations; (5) Mother's failure to file a brief before argument did not mandate sanctions because the trial court's order did not mandate imposing sanctions for failing to file a brief and it is within the court's discretion to enforce its briefing requirements).

Accordingly, we affirm on the basis of the thorough and apt opinion of Judge James E. Gavin and adopt it as our own. In any future filing with this Court or any other court addressing this ruling, the filing party shall attach a copy of Judge Gavin's opinion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/13/2026

TARA MARIE MARSHALL,    :     IN THE COURT OF COMMON PLEAS
     Plaintiff/Appellee      :     OF BERKS COUNTY, PENNSYLVANIA
                        :     CIVIL ACTION – SUPPORT
                        :
                        :
          v.           :     NO. 08DR03498
                        :     PACSES NO. 603109906
                        :
ROBERT G. WHITE, JR.,     :
     Defendant/Appellant    :     ASSIGNED TO: JAMES E. GAVIN, J.

Tara Marie Marshall, A Self-Represented Litigant, for the Plaintiff/Appellee
Robert G. White, A Self-Represented Litigant, for the Defendant/Appellant

## MEMORANDUM OPINION    August 4, 2025    James E. Gavin, J.

### INTRODUCTION

Following a child support establishment hearing before a support hearing officer, the Appellant, Robert G. White, Jr. filed exceptions to the recommended order. After argument was held upon the exceptions, they were overruled. This case presents an appeal from this Court's decision to overrule the Appellant's exceptions. In that there was no error in the Court's decision, we respectfully request that it be affirmed.

### Appellant's Statement of Errors Complained of on Appeal

Following the filing of the Notice of Appeal, the Court issued an Order directing the Appellant to file a Concise Statement of Errors Complained of on Appeal. On July 22, 2025, the Appellant identified eleven (11) issues on appeal,

1

many of which contained sub-issues and were redundant. All issues will be addressed hereinafter in detail.

## PROCEDURAL HISTORY

On November 18, 2024, the Appellant filed a Petition for Modification of an Existing Support Order in which he was asking the Court to terminate an existing support order and direct that he receive a credit. On March 19, 2025, an establishment hearing was convened before a Support Hearing Officer. After the hearing of March 19, 2025, the Support Hearing Officer issued Findings of Fact, Conclusions of Law and Recommendation of the Custody/Support Hearing Officer.

Following issuance of the Support Hearing Officer's Recommendation, the Appellant filed exceptions raising four specific issues. The were as follows:

- The Hearing Officer failed to sustain the Appellant's objection to allowing the Appellee to appear electronically;

- The Hearing Officer failed to consider the Appellee's ability to work;

- The Hearing Officer did not properly calculate an adjustment as the Appellant has five (5) other children that he must support; and

- Pennsylvania cannot order a participant to pay support

2

obligations that are being used for the possession, manufacture and distribution of child pornography in violation of Pennsylvania, Florida, and Federal Law.

On June 4, 2025, after argument was held, this Court entered an order directing that the exceptions were overruled and the Report and Recommended Order of the Support Hearing Officer shall become a final order of court.

On July 1, 2025, the Appellant, Robert G. White, Jr., filed an appeal to the Superior Court of Pennsylvania.

## DISCUSSION

In Pennsylvania, it is fundamental that parents are required to support their children who are unemancipated and under the age of eighteen. *23 Pa.C.S. §4321(2)*. The duty of child support, along with every other duty associated with parenthood, is the equal responsibility of both mother and father. *Yerkes v. Yerkes, 573 Pa. 294, 297-298, 824 A.2d 1169, 1171 (2003)*.

An existing support order may be modified or terminated by filing a petition that "specifically aver[s] the material and substantial change in circumstances upon which the [modification] is based." *Pa.R.C.P. No 1910.19(a)*. When a petition for modification has been filed, "the trier-of-fact may modify or terminate the existing support order in any appropriate manner based on the evidence presented without regard to which party filed the petition for modification. If the trier-of-fact finds that

3

there has been a material and substantial change in circumstances, the order may be increased or decreased based on the parties' respective monthly net incomes, consistent with the support guidelines, existing law, and Pa.R.C.P. No. 1910.18(d), and the party's custodial time with the child at the time the modification petition is heard." *Pa.R.C.P. No. 1910.19(c)*.

As a general matter, when an appellate court reviews a trial court's ruling in a child support matter, it applies an abuse of discretion standard of review. See *Colonna v Colonna, 581 Pa. 1, 8, 855 A.2d 648, 652 (2004)*.

> An abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused." *Oeler v. Oeler,* 527 Pa. 532, 594 A.2d 649, 651 (quoting *In re Women's Homeopathic Hospital of Philadelphia,* 393 Pa. 313, 142 A.2d 292, 294 (1958)). This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court. *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 457 A.2d 98, 101 (1983) (citing *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981)). "A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence." *Scanlon* at 101–102 (quoting *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762, 765, n. 6 (1980)).

*Christianson v Ely, 575 Pa. 647, 655, 838 A.2d 630, 634 (2003)*.

## I

The first five (5) alleged errors on appeal raised by the Appellant all relate to the same issue and that is both the Support Hearing Officer's decision and this Court's decision to allow the Appellee to appear telephonically at the support

hearing and at the argument on the exceptions. Inasmuch as these decisions fell well within the discretion of the court, there was no error requiring reversal.

Rules 1930.1 through 1930.9 of the Pennsylvania Rules of Civil Procedure outline a series of rules that apply to domestic relations matters generally. Among those general rules is a rule relating to testimony by electronic means. Specifically,

> With the approval of the court upon good cause shown, a party or witness may be deposed or testify by telephone, audiovisual or other electronic means at a designated location in all domestic relations matters.

*Pa.R.C.P. 1930.3.*

Rule 1930.3 of the Pennsylvania Rules of Civil Procedure, however, does not define the phrase "good cause shown." In other non-domestic relations cases, courts have said, "Looking to the definition of 'good cause shown,' Black's Law Dictionary, 5th Edition, defines it as 'substantial reason, one that affords a legal excuse, the phrase 'good cause' depends upon circumstances of individual case, and *finding of its existence lies largely in discretion of officer or court to which decision is committed. Wilson v. Morris,* Mo., 369 S.W.2d 402, 407 [1963]." *State Farm Insurance Companies v. Swantner,* 406 Pa.Super. 235, 244, 594 A.2d 316, 320 (1991) (Emphasis in original).

In the only reported appellate case that this Court has found relating to Rule 1930.3, the Pennsylvania Superior Court stated:

The trial court found that good cause was shown for excusing the witness from physically attending the hearing. In addition, the trial court found no unfair prejudice to Husband from the presentation of the testimony via telephone. ...We find no abuse of discretion in permitting Dr. Lusser, who was undergoing chemotherapy for cancer, to testify via telephone.

*Fotopolous v Fotopolous, 185 A.3d 1047, 1052 (Pa.Super. 2018).*

In a case decided in the Court of Common Pleas, the Honorable Judge Bradford Charles of Lebanon County authorized the mother to participate electronically for a child support matter. The facts of the case involved a mother that lived in Georgia and a father that lived in Pennsylvania. In doing so, Judge Charles observed:

Videoconferencing, teleconferencing, and computer interface technologies now enable people to interact even when they are located thousands of miles apart. In this case, it would be relatively easy to schedule a hearing via teleconference so that MOTHER can provide testimony and be cross-examined regarding all of the factors needed to establish an earning capacity.

*Caruso v Kosmela, 49 Lebanon Co. Leg.J. 125 (C.C.P.2012).* Ultimately, Judge Charles ruled that the mother may testify by teleconference under the authority of Rule 1930.3 of the Pennsylvania Rules of Civil Procedure. *Id.*

In this case, the Appellee requested permission to participate in the hearing before the Support Hearing Officer by telephone because she lives in Florida. In addition, she stated that the Appellee and the Appellant do not communicate outside of the courtroom. This request was granted by the Support Hearing Officer.

Similarly, prior to the argument on the exceptions, the Appellee again asked to participate by telephone because she lives in Florida and has lived in Florida since 2019. The Appellee also noted that she and the Appellant have no contact.

In light of the Appellee's living in Florida, this Court was of the opinion that there existed a valid reason and good cause to allow Appellee to participate by telephone. Further, the Appellant suffered no prejudice as a result of the Appellee participating by telephone.

For these reasons, there was neither an error of law, nor an abuse of discretion in allowing the Appellee to participate by telephone. Consequently, this issue does not require reversal.

## II

In the Appellant's sixth alleged error, he contends that there was an abuse of discretion by the Court by denying the Appellant's request to impute income to the Appellee due to her ability to work.

The Pennsylvania Rules of Civil Procedure provide:

> When calculating an initial order, if a party willfully fails to obtain or maintain appropriate employment, the trier-of-fact may impute to the party an income equal to the party's earning capacity.

*Pa.R.C.P. 1910.16-2(d)(4)(i)*. When considering this Rule, along with others, the Court remains mindful that Rules of Civil Procedure promulgated by the

Pennsylvania Supreme Court have the force of a statute. See *Maddas v Dehaas, 816 A.2d 234, 238 (Pa.Super.2003).*

A person's actual earnings usually reflect their earning capacity. *Woshob v Woshob, 843 A.2d 1247, 1251 (Pa. 2004).* Nonetheless, "[i]t is settled law that a party cannot voluntarily reduce his earnings in an attempt to circumvent his support obligation. *Weiser v. Weiser,* 238 Pa.Super. 488, 362 A.2d 287 (1976). In fact, we view any sudden reduction in income with suspicion. *Perlberger v. Perlberger,* 426 Pa.Super. 245, 626 A.2d 1186 (1993). Where a party assumes a lower paying job or willfully fails to obtain appropriate employment, the support obligation is determined by his assessed earning capacity. *Portugal v. Portugal,* 798 A.2d 246 (Pa.Super.2002)." *Id. at 1254.* Such is not the case in this matter.

In the Support Hearing Officer's Report, she detailed the Appellee's testimony regarding her earnings:

> The [Appellee] testified. She has primary physical custody of the minor child. She was a stay-at-home mother for 15 years. She went back to college and is now working 24 hours per week as an LPN and is attending further college to obtain her RN. She last worked full time when this minor child was a baby. She now lives with her husband and their three children. Her husband earns $95,000 annually. A review of Exhibit #2 confirms [Appellee's] testimony.

See Support Hearing Officer's Report, p. 2. In summary, the Support Hearing Officer said, "I find sufficient credible and uncontradicted evidence to determine that [Appellee] has gross monthly earnings of $2808.00 based upon earning $27.00

8

per hour working 24 hours per week. Utilizing the appropriate tax status, [Appellee] has a monthly net income of $2233.24." See Support Hearing Officer's Report, p. 3.

The evidence presented in this case, which the Support Hearing Officer found to be credible, established that the Appellee has not had full time employment since the minor child was a baby and that she has been a stay-at-home mother for fifteen years. She has been actively pursuing an education and has obtained reasonable employment. Further, she is continuing to pursue her education to improve her employment opportunities and increase her earning capacity. In short, after an extended period outside the workforce, the Appellee is diligently seeking to improve her earning capacity. Therefore, this case did not present a situation of a willful failure to obtain or maintain appropriate employment.

For these reasons, the decision not to impute a greater earning capacity to the Appellee was reasonable and without error.

### III

The Appellant's seventh alleged error contends that there was an abuse of discretion in failing to deviate from the guidelines because he contends his total support obligations are more than half of his income. This argument was not supported by the record.

As with other issues raised by the Appellant, this issue is addressed in the Pennsylvania Rules of Civil Procedure. Specifically, Rule 1910.16-7 states, "When

the total of the obligor's basic support obligations exceeds 50% of the obligor's monthly net income, the trier-of-fact may proportionately reduce the basic support obligations." *Pa.R.C.P. 1910.16-7(b)*. "The presumption is strong that the appropriate amount of support in each case is the amount as determined from the support guidelines. However, where the facts demonstrate the inappropriateness of such an award, the trier of fact may deviate therefrom. This flexibility is not, however, intended to provide the trier of fact with unfettered discretion to, in each case, deviate from the recommended amount of support. Deviation will be permitted only where special needs and/or circumstances are present such as to render an award in the amount of the guideline figure unjust or inappropriate." *Ball v Minnick, 538 Pa. 441, 450, 648 A.2d 1192, 1196 (1994)*.

Preliminarily, the Support Hearing Officer calculated the Appellant's net monthly income as follows:

> I find sufficient credible and uncontradicted evidence to determine that [Appellant] has gross weekly earnings of $1170 based upon the [Appellant] working 36 hours per week earning $32.50 per hour. Utilizing the appropriate tax status, [Appellant] has a monthly net income of $4139.01.

See Support Hearing Officer's Report, p. 4. The Support Hearing Officer then considered the Appellant's argument for a deviation:

> The [Appellant] may be entitled to a reduction in this child support obligation based upon an additional child support obligation. "When the total of the obligor's basic child support obligation equals fifty percent or less of his or her monthly net income, there will generally be no deviation from the guideline amount of support on the ground of the existence of a new family."

Pa.R.C.P. 1910.16-7(a). "When the total of the obligor's basic support obligation exceeds fifty percent of his or her monthly net income, the court may consider a proportional reduction of these obligations." Pa.R.C.P. 1910.16-7(b). Based on a PACSES guideline using [Appellant's] monthly net income and his wife's income (per [Appellant's] testimony), the [Appellant's] support obligation for the children in his home is $1124.90. The total of his support obligations is $1869.80 which does not exceed 50% of his monthly net income, so no deviation is warranted.

See Support Hearing Officer's Report, p. 4.

It cannot be questioned that a total monthly support obligation of $1,869.80 does not exceed 50% of a monthly net income of $4,139.01. As a result, no deviation was required and there was no error.

## IV

The Appellant's eighth and ninth alleged errors assert that the Appellee is using child support payments in order to commit violations of Federal and State law. Although not clearly stated in his Concise Statement of Errors Complained of on Appeal, in his Exceptions he asserted Pennsylvania cannot order a participant to pay support obligations that are being used for the possession, manufacture and distribution of child pornography in violation of Pennsylvania, Florida, and Federal Law. The Appellant's argument is premised upon an erroneous understanding of the manner in which child support is established.

11

As a general matter, child support guidelines are mandated by federal and state law with an emphasis being placed upon the net incomes and earning capacities of the parties.

> Child ... support shall be awarded pursuant to a Statewide guideline as established by general rule by the Supreme Court, so that persons similarly situated shall be treated similarly. The guideline shall be based upon the reasonable needs of the child ... seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child ... seeking support and the ability of the obligor to provide support, the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

*23 Pa.C.S.A. §4322 (a).* The support guidelines must be considered both in entering the original support order and when entering any modified order. *Keating v Keating, 407 Pa.Super. 31, 39, 595 A.2d 109, 113 (1991).*

The law further defines "income" as,

> ...compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

*23 Pa.C.S.A. §4302.* "Net income" is defined as "Gross income minus taxes and any other deductions mandated by the employer as a condition of employment." *Id.*

Notably, the obligor's duty to pay child support is not dependent on the nonfeasance or malfeasance of the obligee. To the contrary, as noted above, the duty of child support, along with every other duty associated with parenthood, is the equal responsibility of both mother and father. *Yerkes v. Yerkes, supra.* "Parents have a legal obligation to provide for the reasonable expenses of raising their children." *Litmans v Litmans, 449 Pa.Super. 209, 237, 673 A.2d 382, 395 (1996).*

During the course of the hearing before the Support Hearing Officer, the Appellant contended that he had filed a petition to terminate child support. Among the reasons offered in support of the request to terminate, Father testified:

> ...the funds that I paid Tara Marshall are used, in some capacity, to commit criminal activity in my daughter's own words; which is the dist-the-the [sic] distribution of her own pornography via a cell phone that is paid for, in some part, using the money that I contribute to Tara Marshall.

N.T. 3/19.2025, p.3.

These unsubstantiated allegations do not excuse the Appellant of the duty to pay child support. To the contrary, the establishment or modification of child support is wholly dependent on income and earning capacity. Accordingly, this alleged error offers the Appellant no relief.[1]

---

[1] Nothing in this Memorandum Opinion should be construed to mean the courts do not take child pornography seriously. To the contrary, any evidence as to the veracity of these allegations should

13

# V

The Appellant alleges that the Court abused its discretion by failing to sanction the Appellee at the time of argument on the Exceptions for failing to abide by any provision of the Court's order issued prior to argument. The Court's actions were well within the scope of the Court's discretion and, therefore, it was not abused.

On April 30, 2025, the Court issued an Order Re: Briefing and Argument on Exceptions. To the Appellant's credit, he filed a brief in support of his position. The Appellee, however, did not. The Appellant contended that Appellee's omission was fatal. This Court did not agree.

In Paragraph No. 7 of the Order of April 30, 2025, the Court said, "Failure to timely file a memorandum or brief in accordance herewith *may* result in dismissal of the exceptions filed by that party." (Emphasis Added).

It is within the discretion of the Court to determine how to enforce its own orders. In light of the fact that both parties were self-represented litigants, the Court did not strictly enforce the briefing requirements. The Court did not find any

---

be investigated by the appropriate authorities. Further, evidence that supports these allegations may be relevant in criminal proceedings or in a proceeding to modify custody. Those issues, however, are not before the Court at this time in this matter.

14

prejudice to the Appellant resulting from the Appellee's omission. Consequently, there was no error.

## VI

The Appellant's final alleged error is that the Court denied the Appellant an opportunity to address the Appellee's final arguments and make further objections. Further, he contends the Court permitted the Appellee to testify over objection. This issue is meritless.

At the time of the hearing scheduled on the exceptions, the matter was before the court for *argument,* and not an *evidentiary* hearing. There was no testimony presented, although both parties were given the opportunity to argue their respective positions. As a result, there was no evidence admitted into the record.

Both parties were given a full and fair opportunity to address the Court. The Appellant has failed to identify any information that he was prevented from presenting. Additionally, he has failed to identify any prejudice that he suffered.

In the absence of a meritorious claim, this alleged error does not require reversal.

# CONCLUSION

As has been stated throughout, parents have a duty to support their children. In the presentation of this appeal, the Appellant has failed to identify anything that excuses him of the duty to support his child. To the contrary, after being provided a full and fair opportunity to present his claims, a proper assessment of the parties' income was calculated with due consideration being given to the applicable child support guidelines. There being no error, we respectfully request the Honorable Superior Court of Pennsylvania affirm the decision of this Court.

Respectfully submitted,

James E. Gavin, J.
Berks County
Court of Common Pleas